FILED

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

2012 DEC 31 P 4: 25

Elizabeth Sweeney,
    Plaintiff,

DISTRICT COURT
DISTRICT OF RHODE ISLAND

Vs.                                CA 12 - _____

Viking Client Services, Inc.,
April Burke, alias,
Person Doe 1, alias, and
Person Doe 2, alias,
    Defendants.

CA 12 - 952

# COMPLAINT

## Introduction

1. The Plaintiff brings this action alleging the Defendants engaged in harassing, abusive and prohibited conduct while attempting to collect an alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

## Jurisdiction and Venue

2. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via telephone, in this District.

## Parties

4. Plaintiff, Elizabeth Sweeney, is an adult resident of the municipality of North Providence, County of Providence, State of Rhode Island.

5. The Defendant, Viking Collection Services, Inc., ("Viking") is a foreign company with a principal place of business in Eden Prairie, Minnesota, and registered with the Rhode Island Secretary of State, and doing business in the State of Rhode Island.

6. The Defendant April Burke, alias, is an employee or agent of Viking whose true identity is unknown to the Plaintiff but known, or knowable, to Viking.

### Facts Common To All Counts

7. At all times relevant to this Complaint, Viking was engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

8. At all times relevant to this Complaint, April Burke and Person Doe 1, Person Doe 2, and Person Doe 3, were engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

9. At all times relevant to this Complaint, Viking was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

10. At all times relevant to this Complaint, April Burke, Person Doe 1, Person Doe 2, Person Doe 3, were "Debt Collector[s]" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

11. Within the past year Viking placed at least one phone call to, and engaged in at least one telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect an alleged debt from someone other than the Plaintiff.

12. Within the past year, April Burke, Person Doe 1, Person Doe 2, and Person Doe 3, engaged in at least one telephone conversation with the Plaintiff while acting as a Debt Collectors attempting to collect an alleged debt from someone other than the Plaintiff.

13. The alleged debt that gave rise to the telephone calls arose from purchases of goods primarily for personal, family or household purposes. (Hereinafter the alleged debt shall be referred to simply as the Debt.)

### December 14, 2011

14. On December 14, 2011, Viking left the Plaintiff a telephone message while attempting to collect the Debt.

15. On the same day, the Plaintiff returned the message and spoke with Viking.

16. In the telephone conversation on the 14th, the Plaintiff told Viking:
    a. She was Elizabeth Sweeney;
    b. The number they called belonged to her;
    c. She was not going to give Viking any information about Michael Sweeney;

    d. She told Viking to never call her again; and
    e. She told Viking she was not going to tell them her address or her marital status.

### January 17, 2012

17. On January 17, 2012, Viking called the Plaintiff at the same telephone number and left a message while attempting to collect the Debt.

### February 13, 2012

18. On February 13, 2012, April Burke, alias, an agent or employee of Viking, called the Plaintiff at the same number while attempting to collect the Debt and left a voicemail message requesting that the Plaintiff return her telephone call.

19. The Plaintiff returned the telephone call and spoke with April Burke, who stated that she was looking for Michael Sweeney (the "Debtor").

20. In response, the Plaintiff told her she was not going to give her any information about Michael Sweeney.

21. After hearing that, April Burke continued to badger the Plaintiff by, among other things:
    a. Asking her about her relationship with Michael Sweeney;
    b. Would she 'help her out.'
    c. Repeatedly asking her to deliver a message to Michael Sweeney;
    d. Asking her for Michael Sweeney's phone number;
    e. Asking her why she would not give Michael Sweeney a message; and
    f. Asking her why she called Viking back.

22. In that conversation, the Plaintiff told April Burke:
    a. She would not give them Michael's Sweeney's phone number;
    b. She would not deliver a message to Michael Sweeney; and
    c. The phone number Viking called was not Michael Sweeney.

### Subsequent Call #1

23. After the conversation on the 13th, Viking again called the Plaintiff at the same number while attempting to collect the Debt.

24. The Plaintiff returned Viking's call that same day and spoke with Person Doe #1.

25. The Plaintiff told Person Doe #1:
    a. The number Viking called belonged to her; not Michael Sweeney;

    b. She was not going to give them any information about Michael Sweeney; and
    c. They should stop calling her.

26. Jane Doe #1 told the Plaintiff she had told Viking she was Michael Sweeney's wife.

27. That statement was a lie.

### March 23, 2011

28. On March 23, 2011, Viking called the Plaintiff again at the same number while attempting to collect the debt.

29. The Plaintiff returned the call spoke with several people, including Person Doe #2.

30. Doe #2 claimed Viking did not have her number on file and it had not called her.

31. That statement was a lie.

32. Doe #2 then told the Plaintiff Viking was looking for Michael Sweeney.

33. The Plaintiff told Doe #2:
    a. Not to associate Michael Sweeney with her number; and
    b. She was not going to give Viking any information about Michael Sweeney.

34. Doe #2 responded by asking her to 'help him out' by helping him get in touch with Michael Sweeney.

### FDCPA Violation

35. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

36. As a result of the foregoing actions, the Defendants violated the provisions of 15 U.S.C. § 1692(b)(3) by calling the same person more than once without either being asked to or without reasonably believing the prior response of the person called was erroneous or incomplete and the person now has correct or complete location information.

37. As a result of the foregoing actions, the Defendant violated the provisions of 15 U.S.C. § 1692(e)(10) by making a false representation and using deceptive means to collect a debt and/or obtain information about a consumer.

38. The Plaintiff suffered damages as a result of the Defendants' conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 U.S.C. § 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 U.S.C. § 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 U.S.C. § 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

The Plaintiff,
By Counsel,

_____
Citadel Consumer Litigation, P.C.
John T. Longo, Esq./#4928
681 Smith Street
Providence, RI  02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@jtllegal.com

**Jury Demand**

The Plaintiff hereby demands a trial by jury on each and every count.

_____
John T. Longo, Esq./#4928